Robertson, Ch. J.
(dissenting.) I have not been able to satisfy myself, from any thing advanced before us, of the absence of all obligation on the part of the defendant to restore to the plaintiff his deposit.
There seems to be no doubt of the title to the land in question of the parties on behalf of whom, as vendors, the contract in question was made. Without reference to the minority of some.of such vendors, the pendency of proceedings to authorize some disposition of their interest, and the authority given to a special guardian to sell or mortgage as he should think fit, and laying out of view the fact that it was made by an agent, it appears on its face to be a mere contract by owners of land to sell and convey it, giving a good title therefor by a certain day. By introducing such extraneous facts, not noticed in the contract, it is sought to be converted into a mere con.tract, by the defendant or his principals, to procure a conveyance of a good title, by a certain day, which, of course, would be entirely speculative. To accomplish this, the condition of the return of the deposit, in case of the insufficiency of the title on examination, is brought down to a mere absolute failure of title. The procuring of an order from a court authorizing the execution of a conveyance two days before the time for delivering it expired, and a tender of such conveyance one day before that time, is claimed to be a compliance with such contract, although no time was thereby afforded for any examination of- the title at all. Both parties, on the contrary, *596 treated the examination spoken of as one to be commenced forthwith, when, of course, the infancy of some of the vendors, the inchoate condition of the authority to the special guardian, and the alternative character of the disposition thereby authorized as being to sell or mortgage, might be 'discovered. Nothing short of prophetic power in such case would have enabled the plaintiff to discover, on his examination of the title, whether the Supreme Court would or not authorize a sale and confirm the contract in question. The fact that they did so has no bearing on the question whether the title thereby to be acquired was that to investigate which the plaintiff was entitled, as well as to a reasonable time for the purpose of discovering its sufficiency, I apprehend that the only legitimate construction of such contract, according to its terms, is, that the vendors therein named undertook that they had a good title, wliich they would be ready to convey, on or before the succeeding first of November, into an examination of the sufficiency of which the plaintiff could forthwith enter. And the legal result of it was, not that the plaintiff was bound to wait until the succeeeding first of November to ascertain whether a title could then be acquired, which he' was bound to take without examination, provided it should eventually prove to be good, but that if, on an immediate examination, he could find no one authorized to give him a title, he could rescind the contract and recover back his deposit. Under the contract, there was one from whom the plaintiff could at any time demand a conveyance, and the defendant could retain his deposit until at least the first of November, and then pay it to him back, and thus rescind the contract.
I cannot but regard the word “insufficient,” as applied to the title in this contract, as meaning something more than defective. The warranty of a good title implied in every sale of lands, (Burwell v. Jackson, 9 N. Y. Rep. 535,) was already inserted in express terms. And it was stipulated that “ if the title should, on examination, be found insufficient,” the deposit, with interest, was to be returned. Some act of examination was necessary, which was to be done by the plaintiff, and the *597 word “ insufficient,” as expressive of its result, did not describe an absolute but a relative defect, having regard to some purpose or consequence. Taken in connection with the examination to be made, it probably was used in a sense similar to unsatisfactory to the plaintiff as a purchaser, that is, one to which a reasonable objection could be made, with which the party onght not to be satisfied, (Fagen v. Davison, 2 Duer, 158,) and not as an absolutely bad title, or none at all. I think, however, that the making of the contract for vendors incompetent to convey any title, the title proposed to be given by a guardian appointed in a judicial proceeding, whose authority to sell rested entirely on the future discretionary action of the Supreme Court, in which such proceeding was pending, and against whose neglect or omission the plaintiff had no redress, and the character of the contract being a sale not yet sanctioned by the court in question, and, therefore, not binding on the supposed vendors, formed reasonable grounds of objection to the title within the meaning of such contract. Such objection was substantially stated by the plaintiff' on the tender of the deed.
Upon either ground, therefore, that the contract was made, on behalf of persons incompetent to convey, and was not a mere covenant to procure a title in future, or that no authority to convey was vested in any one, thus rendering the power of giving the title agreed to be given impossible, and, of course, any title that could be given to the plaintiff insufficient, I think he had a right to rescind it. If the examination of the title was to be made after the acquisition of authority to convey, I think the objections specified in my opinion at special term were good grounds for rescinding the contract, as render- ' ing the title insufficient within its meaning. I think the judgment should be affirmed.
New trial granted.